### In re TUBBIOLO.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

APPEAL AND ERROR (§ 334*)—ACTION FOR PERSONAL INJURIES — PROSECUTION BY ADMINISTRATRIX AFTER JUDGMENT FOR DEFENDANT.

    An action for personal injuries resulted in a judgment for defendant, which was affirmed on appeal. A motion for new trial on the ground of newly discovered evidence was denied, and plaintiff died after notice of

---

appeal. He left no estate. *Held*, that his administratrix could not be permitted to prosecute the action on appeal as if originally brought by her, because she owned nothing of the subject of the action and could recover nothing, because the subject of recovery had ceased to exist.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1851–1863; Dec. Dig. § 334.*]

Appeal from Special Term, Kings County.

Petition of Rosa Tubbiolo, administratrix of Salvatore Tubbiolo, deceased, for leave to prosecute an action begun by the deceased against the Brooklyn Heights Railroad Company. From an order denying a motion to set aside an ex parte order permitting petitioner to prosecute the action as if originally brought by her, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, WOODWARD, CARR, and RICH, JJ.

James W. Carpenter, for appellant.
Louis Levy, for respondent.

THOMAS, J. Tubbiolo sued defendant for personal injuries. The verdict was against him, and was affirmed by this court (133 App. Div. 931, 118 N. Y. Supp. 1147), and reargument denied, whereupon leave to appeal was denied by this court and the Court of Appeals. Then came a motion for a new trial on the ground of newly discovered evidence, which was twice denied, and plaintiff died in December, 1910, after filing notice of appeal. In January, 1911, there was entered an ex parte order permitting plaintiff to prosecute the action and appeal as if it had been originally brought by her, and from an order denying a motion to set this aside defendant now appeals.

Justification for the order is suggested, in that it enables the plaintiff to attempt to get rid of the present judgment, which is a bar to an action by her, and to relieve the estate of costs. It is obvious that the original order goes further, for it makes this action the original action of the administratrix. The order was ex parte, but that is an irregularity which defendant has failed to state in his notice of motion. There was a judgment against Tubbiolo for costs. He died. The liability to pay that judgment devolved on his estate, and, if there were an interest represented by the administratrix which that judgment affects, there would be some reason for admitting her to contest it. But the affidavit of the attorney in charge is that "decedent left behind him absolutely nothing in the way of an estate." Hence there is nothing to protect in that direction. But the administratrix comes in to remove a bar to an action in behalf of herself as decedent's widow. If she has a cause of action for negligence causing death, it belongs to her, to be enforced by her as administratrix, and is independent of and unrelated to the present action. She has been let in to prosecute this action to enable herself to maintain an action for the widow and next of kin, if any there be. So she, a stranger to this action, would contest it to help her in her own action. If the order should be reversed, and a new trial granted, and should be had, no

verdict on her cause of action could be given, as it is not present in this action, and no verdict on the husband's cause of action could be had, as it abated by his death.

Of what avail, then, the new trial? None, except to permit her to obtain an order for it and then withdraw this action. For what purpose? So that she could bring her action for the recovery of her own damages and defeat defendant's defense, that has already prevailed. That is the sole purpose. She, in the interest of herself individually, prosecutes this action, which has abated by the death of the person who owned the cause of action, which did not survive to his administratrix, and in which she has no interest whatsoever. The case is this: A. sues for personal injuries, and judgment that defendant is not liable is rendered, entered upon the verdict of a jury. The cause of action is extinguished by the judgment, and, if it were not, it dies with A. A.'s administratrix, without any right, title, or interest in what was A.'s cause of action, and without capacity to enforce it, even if there were no judgment against him, is substituted in the action. She, owning nothing of the subject of the action, is designated to go forward with it. She can recover nothing, for the subject of recovery has ceased to exist. But there is something in reserve, viz., the alleged damages of the widow, and so that she may clear the record of her husband's litigation, and defeat and occupy the place with her own suit, she is permitted to come in. Not only is she permitted to come in, but the action is made her original action, as if she had brought it. It is sufficient cause for denial of the motion that she seeks to be a party in interest in what she has and can have no interest, and added to that seemingly is the appropriation of her defeated husband's abated action wherein to exploit her own separate claim.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.